FILED

**BRIAN T. DUNN, ESQ. (SBN 176502)**
**JAMON R. HICKS, ESQ. (SBN 232747)**
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com
jhicks@cochranfirm.com
mgyongyos@cochranfirm.com

2013 DEC 19  PM 3: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Attorneys for Plaintiff EMMANUEL BRACY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMMANUEL BRACY, an individual,

     Plaintiff,

     vs.

CITY OF LOS ANGELES; DETECTIVE CARL WORRELL; DETECTIVE DONALD WALTHERS; DETECTIVE RICHARD GUZMAN; DETECTIVE RANDY RICO; and DOES 1 through 10, inclusive,

     Defendants.

CASE NO.: CV13-09350-JC

**COMPLAINT FOR DAMAGES**

1.    **Violations of Civil Rights (42 U.S.C. § 1983)**

     **DEMAND FOR JURY TRIAL**

1

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. At all relevant times mentioned herein, Plaintiff EMMANUEL BRACY (hereinafter sometimes referred to as "Plaintiff" or "MR. BRACY") was a resident of the County of Los Angeles, State of California.

4. Defendant CITY OF LOS ANGELES (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant DETECTIVE CARL WORRELL (hereinafter "DETECTIVE WORRELL") is, and at all relevant times herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE WORRELL was a detective employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant DETECTIVE DONALD WALTHERS (hereinafter "DETECTIVE WALTHERS") is, and at all relevant times herein was, a resident of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE WALTHERS was a detective employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

2

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant DETECTIVE RICHARD GUZMAN (hereinafter "DETECTIVE GUZMAN") is, and at all relevant times herein was, a resident of the County of Los Angeles and State of California.  Further, at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE GUZMAN was a detective employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant DETECTIVE RANDY RICO (hereinafter "DETECTIVE RICO") is, and at all relevant times herein was, a resident of the County of Los Angeles and State of California.  Further, at all times relevant to the acts and omissions herein alleged, Defendant DETECTIVE RICO was a detective employed by the Defendant CITY and the Los Angeles Police Department, and was acting under color of law and within the course and scope of his employment with the Defendant CITY and the Los Angeles Police Department.

9.     Plaintiff is informed and believes, and thereon alleges, that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California.  Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the Los Angeles Police Department, and were acting under color of law and within the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department.

10.     A comprehensive and timely Claim for Damages was presented to the City of Los Angeles in substantial compliance with Government Code § 910, et seq.  Said Claim for Damages was denied by the City of Los Angeles on June 5, 2011.

///

///

3

11.   On June 28, 2010, numerous criminal charges relating to the incidents and events hereinafter set forth were filed against Plaintiff.  Certain of these criminal charges were pending before a superior court within the meaning of California Government Code § 945.3 until September 21, 2012, when Plaintiff was convicted of some of those charges.

12.   Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants.  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to him.  Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

13.   Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

14.   Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

///

///

///

4

## FACTS COMMON TO ALL COUNTS

15.    This Complaint concerns an officer involved shooting which occurred during the morning hours of June 24, 2010, at or around the 12300 block of Osborne Street in the Pacoima area of the City of Los Angeles and County of Los Angeles.  At approximately 11:30 a.m. on that date, Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and other heretofore unknown Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the Los Angeles Police Department, confronted Plaintiff as Plaintiff sat inside his vehicle.  Without identifying themselves as police officers, Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the other Defendant DOE Officers yelled, "Put your hands up!"  Plaintiff, believing that he was being robbed, complied with the command and raised his arms.

16.    Without warning, Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the other heretofore unknown Defendant DOE Officers proceeded to assault and batter Plaintiff by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department issued firearms at the person of Plaintiff, inflicting several gunshot wounds, including gunshot wounds to Plaintiff's back.  At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to the involved officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

17.    Both prior to and during the time in which he was shot, Plaintiff had his arms raised in the air, was not carrying a weapon anywhere on his person, and posed no reasonable or credible threat of violence to the Defendant Detectives and DOE Officers who shot him, nor to any other individual.  Both prior to and during the time in which he was shot, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.  Both prior to and during the

5

1   time in which the Defendant Detectives and DOE Officers shot Plaintiff, the

2   Defendant Detectives and DOE Officers, who fired, were not faced with any

3   circumstances which would have led a reasonable police officer to believe that

4   Plaintiff posed the risk of death or serious bodily injury to any person.

### FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff EMMANUEL BRACY Against Defendant DETECTIVE CARL WORRELL, Defendant DETECTIVE DONALD WALTHERS, Defendant DETECTIVE RICHARD GUZMAN, Defendant DETECTIVE RANDY RICO, and the Heretofore Unknown Defendant DOE Officers for Violations of Civil Rights [42 U.S.C. § 1983])**

10   18.    Plaintiff restates and incorporates by reference the foregoing

11   paragraphs of this Complaint as if set forth in full at this point.

12   19.    This cause of action is set forth herein to redress the deprivation,

13   under color of statute, ordinance, regulation, policy, custom, practice, and/or

14   usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth

15   Amendment to the Constitution of the United States, including, but not limited to,

16   the right to be free from unreasonable governmental seizures of his person.

17   20.    Plaintiff is informed, believes, and thereupon alleges that at all times

18   mentioned herein, the Defendant CITY employed the individual Defendants

19   named herein, including Defendant DETECTIVES WORRELL, WALTHERS,

20   GUZMAN, RICO, and the heretofore unknown Defendant DOE Officers.  The

21   Defendant CITY provided its individual Defendant employees and agents,

22   including the Defendant Detectives and DOE Officers, with official badges and

23   identification cards which designated and described the bearers as employees of

24   the Defendant CITY and the Los Angeles Police Department.

25   21.    Plaintiff is informed, believes, and thereon alleges that at all times

26   relevant to the acts and omissions herein alleged, Defendant DETECTIVES

27   WORRELL, WALTHERS, GUZMAN, RICO, and the heretofore unknown

28   Defendant DOE Officers were employed by the Defendant CITY and the Los

Angeles Police Department, and were acting under color of law and in the course

6

1  and scope of their employment with the Defendant CITY and the Los Angeles

2  Police Department.

3        22.    At approximately 11:30 a.m. on June 24, 2010, Defendant

4  DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and other heretofore

5  unknown Defendant DOE Officers, while acting under color of law and in the

6  course and scope of their employment with the Defendant CITY and the Los

7  Angeles Police Department, confronted Plaintiff as Plaintiff sat inside his vehicle,

8  which was parked at or around the 12300 block of Osborne Street in the Pacoima

9  area of the City of Los Angeles and County of Los Angeles.  Without identifying

10  themselves as police officers, Defendant DETECTIVES WORRELL,

11  WALTHERS, GUZMAN, RICO, and the other Defendant DOE Officers yelled,

12  "Put your hands up!"  Plaintiff, believing that he was being robbed, complied with

the command and raised his arms.

13        23.    Without warning, Defendant DETECTIVES WORRELL,

14  WALTHERS, GUZMAN, RICO, and the other heretofore unknown Defendant

15  DOE Officers proceeded to assault and batter Plaintiff by acts which included, but

16  were not limited to, repeatedly and unjustifiably discharging their department

17  issued firearms at the person of Plaintiff, inflicting several gunshot wounds,

18  including gunshot wounds to Plaintiff's back.  At no time during the course of

19  these events did Plaintiff pose any reasonable or credible threat of violence to the

20  involved officers, nor did he do anything to justify the force used against him, and

the same was deadly, excessive, unnecessary, and unlawful.

21        24.    Both prior to and during the time in which he was shot, Plaintiff had

22  his arms raised in the air, was not carrying a weapon anywhere on his person, and

23  posed no reasonable or credible threat of violence to the Defendant Detectives and

24  DOE Officers who shot him, nor to any other individual.  Both prior to and during

25  the time in which he was shot, Plaintiff made no aggressive movements, no furtive

26  gestures, and no physical movements which would suggest to a reasonable police

27  officer that he was armed with any kind of weapon, or had the will, or the ability to

28

inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant Detectives and DOE Officers shot Plaintiff, the Defendant Detectives and DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death or serious bodily injury to any person.

25.    At all times mentioned herein, Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the heretofore unknown Defendant DOE Officers acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY. The Defendant Detectives and DOE Officers deprived Plaintiff of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

26.    Plaintiff had the right to be free from unreasonable governmental seizures of his person, a right which was secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the heretofore unknown Defendant DOE Officers, which proximately caused severe injuries to Plaintiff, including, but not limited to, gunshot wounds to Plaintiff's person, including gunshot wounds to Plaintiff's back.

27.    Plaintiff is informed and believes, and thereupon alleges, that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the heretofore unknown Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent

8

to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the Defendant DOE Officers in an amount to be proven at the trial of this matter.

28.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DETECTIVES WORRELL, WALTHERS, GUZMAN, RICO, and the heretofore unknown Defendant DOE Officers, Plaintiff was placed in great fear for his life and physical well being, and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury, all to his damage in a sum to be determined at trial.  As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant Detectives and DOE Officers, Plaintiff was shot on June 24, 2010, and suffered severe injuries which include, but are not limited to, gunshot wounds to his person, including gunshot wounds to his back.  As a further proximate result of the Defendant Detectives' and DOE Officers' wrongful, intentional, and malicious acts and omissions, Plaintiff has been required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and has incurred and continues to incur expenses for emergent medical services and medical treatment and care in an amount according to proof at trial.

30.    Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

///
///
///
///
///
///

9

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.  For general damages in an amount according to proof at trial;

2.  For medical and related expenses according to proof at trial;

3.  For costs of suit incurred herein;

4.  For attorneys' fees incurred herein, as provided by law;

5.  For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

6.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: December 18, 2013

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: _____
BRIAN T. DUNN
JAMON R. HICKS
MEGAN R. GYONGYOS
Attorneys for Plaintiff EMMANUEL
BRACY

10

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br><br> EMMANUEL BRACY, an individual | **DEFENDANTS** <br><br> CITY OF LOS ANGELES; DETECTIVE CARL WORRELL; DETECTIVE DONALD WALTHERS; DETECTIVE RICHARD GUZMAN; DETECTIVE RANDY RICO; and DOES 1 through 10, inclusive |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> BRIAN T. DUNN, ESQ. (SBN 176502) <br> JAMON R. HICKS, ESQ. (SBN 232747) <br> THE COCHRAN FIRM CALIFORNIA <br> 4929 Wilshire Boulevard, Suite 1010 <br> Los Angeles, California 90010 <br> Telephone: (323) 435-8205 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983. Action for violations of civil rights arising out of officer involved shooting incident.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**  Case Number:  **CV13-09350**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

VIII(b).   **RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 17, 2013

BRIAN T. DUNN

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |