1  **MICHAEL N. FEUER**, City Attorney  (SBN 111529x)
   **THOMAS H. PETERS**, Chief Assistant City Attorney
2  **CORY M. BRENTE,** Supervising Assistant City Attorney  (SBN 115453)
   **KELLY N. KADES**, Deputy City Attorney (SBN 195025)
3  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA 90012
4  Phone: (213) 978-7034 - Facsimile: (213) 978-8785

5  *Attorneys for Defendant s*
   **CITY OF LOS ANGELES**, **DETECTIVES RICHARD GUZMAN, RANDY RICO,**
6  **AND CARL WORRELL**

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 EMMANUEL BRACY, an                  )   CASE NO.    CV 13-09350 JC
   Individual                          )   Complaint Filed:  12/19/13
12                                      )
          *Plaintiff*                   )
13                                      )
          vs.                           )   PROTECTIVE ORDER REGARDING
14                                      )   DISCLOSURE OF CONFIDENTIAL
   CITY OF LOS ANGELES;                 )   INFORMATION
15 DETECTIVE CARL WORRELL;              )
   DETECTIVE DONALD                     )   [CHANGES MADE BY COURT]
16 WALTHERS; DETECTIVE                  )
   RICHARD GUZMAN; DETECTIVE            )
17 RANDY RICO; and DOES 1 through       )
   10, inclusive,                       )
18                                      )
          *Defendants*.                 )
19 _____  )

20         Whereas counsel for the parties have discussed the anticipated production of

21 documents and materials relating to an interaction between Plaintiff Emmanuel Bracy

22 and members of the Los Angeles Police Department ("LAPD"), and these documents and

23 materials pertain to internal police investigations conducted by the Los Angeles Police

24 Department in this matter, as well as any complaints against police officers and

25 adjudication thereof and statements of witnesses pertaining to such complaints, which

26 Defendants believe might contain information of a privileged, confidential, private or

27 sensitive nature, and the public dissemination of which Defendants believe jeopardize

28 compelling interests in preserving the integrity of the LAPD's internal investigations

                                        1

1   (hereinafter "Confidential Information").  And, whereas this "Confidential Information"
2   is currently in the possession of the Defendant City of Los Angeles ("City"), Defendants,
3   through their counsel of record, have agreed to produce certain "Confidential
4   Information" in this litigation, and therefore, the parties have stipulated to the following
5   terms and conditions, the Court hereby orders as follows:

6          1.     The parties may designate as "Confidential Information" all documents
7   pertaining to internal police investigations conducted by the Los Angeles Police
8   Department in this matter, as well as any complaints against police officers and
9   adjudication thereof and statements of witnesses pertaining to such complaints, which
10  Defendants believe might contain information of a privileged, confidential, private or
11  sensitive nature, and the public dissemination of which Defendants believe jeopardize
12  compelling interests in preserving the integrity of the Los Angeles Police Department's
13  internal investigations, both by assuring that even self-incriminating officer statements
14  can be compelled and by facilitating accurate and thorough self-critical investigations by
15  the Los Angeles Police Department without the fear of having information used against
16  the officers in court, and to protect the defendant officers' right of privacy, by affixing to
17  such document or writing a legend, such as "Confidential,"  "Confidential Documents,"
18  "Confidential Material," "Subject to Protective Order" or words of similar effect.  The
19  category of documents and other tangible things so designated, and all information
20  derived therefrom, shall be treated in accordance with the terms of this stipulation.

21          2.     "Confidential Information" may be used by the persons receiving
22  such information only for the purpose of this litigation.

23          3.     Subject to the further conditions imposed by this stipulation,
24  "Confidential Information" may be disclosed only to the following persons:

25          (a)     Counsel of record for the parties to this civil litigation;
26          (b)     Parties to this civil litigation;
27  ///
28  ///

2

(c)     Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

(d)     Expert witnesses consulted and/or retained for this action; and

(e)     The judge and court personnel, including stenographic reporters.

4.     Prior to the disclosure of any "Confidential Information" to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such "Confidential Information" shall first provide a copy of this Order and have the individual to whom the Receiving Party intends to disclose said "Confidential Information" sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of this Order and understands that s/he is bound by the terms of this Order.

5.     Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of the "Confidential Information", upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed material(s), in camera with the Court having jurisdiction.

6.   The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of any City Defendant, or any other current or former employee of the Los Angeles Police Department, shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, the "Confidential Information," and all testimony

3

involving information derived from the "Confidential Information," shall be segregated from the rest of the deposition.  No copies of such segregated "Confidential Information" portions of the materials described above shall be provided  to any persons other than those persons identified in paragraph 3.  Nothing in this agreement is intended to limit the rights of third parties to obtain such "Confidential Information" through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the "Confidential Information".

7.    If any "Confidential Information," or testimony derived therefrom, occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by City Defendants, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions, except as otherwise authorized by this Order.

8.    Upon the final termination of this litigation, including any appeal pertaining thereto, all "Confidential Information" and all copies thereof shall be returned to the Defendants, except as to Court personnel.  All "Confidential Information" disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

9.    If any party who receives "Confidential Information" receives a subpoena or other request seeking "Confidential Information", he, she or it shall immediately give written notice to the Defendants' counsel, identifying the "Confidential Information" sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of

"Confidential Information", which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to defendants' counsel.

10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to "Confidential Information" shall be submitted for filing under seal with a written application to the Court.  If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of each envelope.  No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

11.    Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of "Confidential Information" be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

12.    Nothing herein shall prejudice any party's rights to object to the introduction of any "Confidential Information" into evidence, on grounds including but not limited to relevance and privilege.

13.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14.    Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

///

///

///

1       15.   Disclosing parties retain the right to disclose or release the

2 "Confidential Information" outside the terms of this stipulation, but acknowledge that

3 doing so may result in a waiver of the confidentiality of the "Confidential Information."

4       16.   This Protective Order survives settlement, trial and/or appeal.

5

6 IT IS SO ORDERED:

7

8 Dated: May 12, 2014       By:_____/s/_____

9                             Honorable Jacqueline Chooljian

10                             UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT "A"

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Emmanuel Bracy vs. City of Los Angeles, et al.,</u> United States District Court for the Central District of California, Central Division, Case No. CV 13-09350 JC, and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____   Signed: _____