# EXHIBIT 4

FERGUSON, PRAET & SHERMAN, APC
PETER J. FERGUSON SBN 108297
peterferg@aol.com
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300 • Fax (714) 953-1143

Attorneys for Defendant
DONALD WALTHERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BRACY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; DETECTIVE CARL WORRELL; DETECTIVE DONALD WALTHERS; DETECTIVE RICHARD GUZMAN; DETECTIVE RANDY RICO; and DOES 1 through 10, inclusive, <br><br> Defendants. | No. CV13-09350 (JC) <br><br> **DEFENDANT DONALD WALTHERS' RESPONSES TO INTERROGATORIES BY PLAINTIFF, EMMANUEL BRACY (SET ONE)** |

PROPOUNDING PARTY:   Plaintiff, Emmanuel Bracy

RESPONDING PARTY:   Defendant, Donald Walthers

SET NO.:   One

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

COMES NOW, Defendant, Donald Walthers, hereby responds to Plaintiff, Emmanuel Bracy's Interrogatories (Set One) as follows:

//

//

1

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For the fifteen year period of time preceding the INCIDENT up until the present, state the number of OFFICER INVOLVED SHOOTINGS in which YOU discharged YOUR firearm in the line of duty at a SUSPECT whom YOU suspected had committed a criminal offense.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. This request seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 2:**

For each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1, state the date that the OFFICER INVOLVED SHOOTING occurred.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This request seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 3:**

For each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1, state the address where the OFFICER INVOLVED SHOOTING occurred.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 4:**

State the name of every OFFICER who discharged his or her firearm during each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This request is overly broad and seeks information that is not relevant or likely to lead to the discovery of relevant or admissible evidence.

This request seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Peace Officer Bill of Rights, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this

litigation.

**INTERROGATORY NO. 5:**

State the name of the SUSPECT who was fired upon during each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 6:**

For each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1, describe with particularity the circumstances under which the OFFICER INVOLVED SHOOTING occurred.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This request calls for speculation, is vague, overly broad, burdensome and seeks information that is not relevant or likely to lead the discovery of relevant or admissible evidence.

This request also seeks disclosure of privileged information that is protected by the following: Right-to-Privacy, Peace Officer Bill of Rights, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning

conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 7:**

For each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1, state the name of the LAPD division or investigative unit or area involved (e.g. Special Investigations Section, Major Crimes Division, Foothill Area).

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This request is vague, ambiguous and unintelligible. This request also seeks disclosure of privileged information that is protected by the following: Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 8:**

For each OFFICER INVOLVED SHOOTING that YOU identified in YOUR response to Interrogatory No. 1, state whether the Los Angeles Board of Police Commissioners found any aspect of YOUR conduct during the OFFICER INVOLVED SHOOTING to be outside of LAPD policy.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request is overly broad and seeks information that is not relevant or likely to lead to the discovery of relevant or admissible evidence.

This request seeks disclosure of privileged information that is protected by the following: Right to Privacy, Peace Officer Bill of Rights, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7

and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 9:**

For each out of policy finding by the Los Angeles Board of Police Commissioners that YOU identified in YOUR response to Interrogatory No. 8, describe with particularity the aspects of YOUR conduct during the OFFICER INVOLVED SHOOTING that were found to be outside of LAPD policy.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. Said request calls for speculation, is vague, overly broad, burdensome and seeks information that is not relevant or likely to lead the discover of relevant or admissible evidence.

This request seeks disclosure of privileged information that is protected by the following: Right to Privacy, Peace Officer Bill of Rights, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

**INTERROGATORY NO. 10:**

For each out of policy finding by the Los Angeles Board of Police Commissioners that YOU identified in YOUR response to Interrogatory No. 8, describe with particularity the reasons why the Los Angeles Board of Police Commissioners found aspects of YOUR

conduct during the OFFICER INVOLVED SHOOTING to be outside of LAPD policy.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. Said request calls for speculation, is vague, burdensome and the responding party lacks foundation to answer it. This request seeks information that is not relevant or likely to lead the discover of relevant or admissible evidence.

This request also seeks disclosure of privileged information that is protected by the following: Right to Privacy, Peace Officer Bill of Rights, Official Information privilege (*Evidence Code* § 1040) and Peace Officer Personnel privileges (*Penal Code* §§ 832.7 and 832.8; *Evidence Code* § 1040, et seq.). Additionally, with respect to the time frame of Plaintiff's request which seeks information from June 24, 1995 to the present date, not only is the information sought overbroad, vague and irrelevant, but it violates *Evidence Code* § 1045(b)(1) which specifically excludes from disclosure information concerning conduct occurring more than five years before the event that is the subject of this litigation.

DATED: August 13, 2014        FERGUSON, PRAET & SHERMAN, APC

_____
Peter J. Ferguson, SBN 108297
Allen Christiansen, SBN 263651
Attorneys for Defendant Donald Walthers

Def. Walther's Responses to Interrogs          7

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action. My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On August 13, 2014, I served the foregoing **DEFENDANT DONALD WALTHERS' RESPONSES TO INTERROGATORIES BY PLAINTIFF, EMMANUEL BRACY (SET ONE)** on the interested parties in this action:

Brian T. Dunn, Esq.
Jamon R. Hicks, Esq.
Megan R. Gyongyos, Esq.
The Cochran Firm California
4929 Wilshire Boulevard, Suite 1010
Los Angeles, CA 90010

Cory M. Brente, Supervising Assistant City Attorney
200 North Main Street
City Hall East, 6th Floor
Los Angeles, CA 90012

XXX (By Mail)   I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

_____ (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

_____ (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 13, 2014, at Santa Ana, California.

*Coleen Ludvigson* (signature)
Coleen Ludvigson

Def. Walther's Responses to Interrogs                 8