FILED

JAN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL BRACY,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CARL WORRELL, Detective; DONALD WALTHERS, Detective; RICHARD GUZMAN, Detective; RANDY RICO, Detective; CITY OF LOS ANGELES,<br><br>　　　　Defendants-Appellees. | No.　17-55463<br><br>D.C. No. 2:13-cv-09350-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[**] District Judge.

Appellant Emmanuel Bracy (Bracy) challenges several evidentiary rulings made during an excessive force case brought under 42 U.S.C. § 1983 against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

members of the Los Angeles Police Department. Bracy specifically contends that the district court erroneously admitted prejudicial evidence.

We review for abuse of discretion the admission of evidence under Federal Rules of Evidence 403, *see United States v. Jayavarman*, 871 F.3d 1050, 1063 (9th Cir. 2017), and 702, *see United States v. Spangler*, 810 F.3d 702, 706 (9th Cir. 2016). "A new trial is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (citation and internal quotation marks omitted).

The district court abused its discretion in admitting three still images of Bracy handling and pointing a gun during a robbery he committed prior to the confrontation with police. Because Bracy's counsel admitted in his opening statement that the gun Bracy used in the robbery was the same gun found behind the air conditioning vent of his car, the minimal probative value of the photographs was outweighed by their prejudicial impact. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Rightly or wrongly, many people view weapons, especially guns, with fear and distrust. . . . [P]hotographs of firearms often have a visceral impact that far exceeds their probative value. . . .") (citations omitted).

The district court further abused its discretion by allowing lay testimony from Appellees' police practices expert, Sergeant Harry Markel, that strayed far

outside the bounds of that expertise, without any instruction from the court as to how the jury should evaluate the lay testimony. *See United States v. Vera*, 770 F.3d 1232, 1243 (9th Cir. 2014) (recognizing that a court must instruct the jury when a witness combines lay and expert testimony); *United States v. Martinez*, 657 F.3d 811, 817 (9th Cir. 2011), *as amended* (concluding that the district court did not abuse its discretion when it admitted properly identified expert and percipient testimony by a law enforcement officer).

Admission of the testimony outside the expertise of the police practices expert, without instruction from the court, compounded the error in admitting the still images, resulting in cumulative error. *See United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017) (noting the cumulative effect of multiple errors). This error was not harmless because the lay testimony addressed blood found on the vent of Bracy's vehicle, a fact central to the issue of when Bracy concealed the gun in the vent. *See United States v. Jimenez*, 214 F.3d 1095, 1099 (9th Cir. 2000) (concluding that erroneous admission of evidence was not harmless where the evidence was probative of a central issue in dispute).

Because Bracy was substantially prejudiced by the cumulative effect of these erroneous evidentiary rulings affecting a central issue in the case, he is entitled to a new trial. *See Harper*, 533 F.3d at 1030.

**REVERSED AND REMANDED.**